UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

  v.

John Paul Engelking,

          Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 04-279 ADM/RLE
Civil No. 07-1809 ADM

_____

Frank J. Magill, Jr., Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

John Paul Engelking, *pro se*.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant John Paul Engelking's ("Defendant") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 56]. In his Motion, Defendant asserts that his supervised release term was unlawfully imposed and must be vacated. For the reasons set forth herein, Defendant's § 2255 Motion is denied.

## II. BACKGROUND

On September 9, 2004, Defendant pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344. Sept. 9, 2004 Tr. [Docket No. 58] at 26. On June 28, 2005, this Court imposed a sentence of 15 months imprisonment and five years of supervised release. June 28, 2005 Tr. [Docket No. 54] at 9-11. Defendant's § 2255 Motion was filed on April 9, 2007. Defendant claims he "did not know of the Supervised Release term at the time he offered his

plea of guilty to the Court," and therefore his plea was not knowing and intelligently made. Def.'s § 2255 Mot. at 5.

### III. DISCUSSION

28 U.S.C. § 2255 provides persons in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Here, Defendant's allegations cannot be accepted as true because they are contradicted by the record.  Defendant claims that a supervised release term was not mentioned in his Plea Agreement or during the plea hearing.  However, Defendant's Plea Agreement specifically states that "[t]here is no agreement as to the term of supervised release.  The Sentencing Guidelines require a term of supervised release of 3-5 years."  Plea Agreement [Docket No. 32] ¶ 13.G.  Further, at the September 9, 2004 plea hearing this Court explained to Defendant that a supervised release term of 3-5 years would be imposed, and that Defendant would be sent back to prison if he violated the conditions of his supervised release.  Sept. 9, 2004 Tr. at 12-13, 17.  Defendant twice indicated he understood that supervised release would be imposed.  Id.  Thus, Defendant was informed of and understood his maximum possible term of supervised release as

required by Federal Rule of Criminal Procedure 11(b)(1)(H).  Based on this record, Defendant has no basis to claim he was unaware when he entered his plea that a supervised release term would be imposed.  Therefore, his § 2255 Motion must be denied.

Alternatively, Defendant's § 2255 Motion must be denied because he waived his right to collaterally attack his sentence.  Such a waiver is generally enforceable if it is knowing and voluntary.  <u>DeRoo v. United States</u>, 223 F.3d 919, 923 (8th Cir. 2000).  Defendant's Plea Agreement states that:

> As long as the Court sentences the defendant at or below 16 months imprisonment, the defendant waives his right to appeal or collaterally attack his conviction or sentence, unless the Court should impose a sentence in violation of the law apart from the application of the sentencing guidelines.

Plea Agreement ¶ 15.  Since the Court imposed a 15-month sentence, the condition of Defendant's waiver is met.  Defendant does not claim that his waiver was unknowing or involuntary, and the record shows that in fact his waiver was knowingly and voluntarily made.  Sept. 9, 2004 Tr. at 18-20.  Further, both his 15-month term of imprisonment and his 5-year supervised release term are authorized by statute.  <u>See</u> 18 U.S.C. §§ 1344, 3583(b)(1).  Therefore, the supervised release portion of Defendant's sentence was lawful, and his waiver of his right to collaterally attack his sentence applies.  For this alternative reason, Defendant's § 2255 Motion must be denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant John Paul Engelking's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 56] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 9, 2007.